# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **Jerry McCarthy**  *Plaintiff,*  v.  **Cavalry Portfolio Services, LLC**  *Defendant.* | Case No.: 8:21-cv-1315  Ad Damnum: **$1,000 + Atty Fees & Costs**  **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Jerry McCarthy**, ("**Mr. McCarthy**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Cavalry Portfolio Services, LLC** ("**Cavalry**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. McCarthy against the Defendant for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(K) and Fla. Stat. § 48.193.

Page **1** of **10**

4. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

5. **Mr. McCarthy** is a natural person residing in Pinellas County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. **Cavalry** is a Delaware limited liability company with a primary business address of 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

7. Cavalry is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.**

8. Cavalry is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number **CCA9902186**.

9. Cavalry is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that they use postal mail, and/or another instrumentality of interstate commerce, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS
### The Debt

10. At some time prior to December 2016, Mr. McCarthy opened a Sleep Number charge card with Synchrony Bank ("**SYNCB**").

11. On or around December 2016, SYNCB charged a remaining balance of $2,156.00 to profit and loss ("**the Debt**").

12. SYNCB thereafter sold or otherwise assigned the Debt to Cavalry for collection.

13. The Debt arose from goods that were primarily for family, personal, or household purposes, specifically a consumer charge card used to make consumer purchases, and meets the definition of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5).

### Cavalry Offers Faux "Limited Time" 45% Discounts

14. For years, Cavalry has attempted to collect charged-off debts it purchases by sending purported "discount settlement offers" which make clear that the offer is valid "for a limited time only."

15. In none, or virtually none, of the hundreds of thousands of "limited time offers" Cavalry makes to consumers each year are the offers really for a limited time.

16. Should the consumer fail to take advantage of the first, Cavalry simply mails the consumer another, identical offer, albeit marked "limited time offer" as well.

17. On or about February 10, 2021, Cavalry mailed a collection letter to Mr. McCarthy. **SEE PLAINTIFF'S EXHIBIT A.**

18. The letter stated, "Cavalry is offering a 45% discount to you." *Id.*

19. Cavalry listed three different payment options and stated the offer expires on 3/12/21. *Id.*

20. On April 13, 2021, Cavalry mailed another collection letter concerning the same $2,156.58 charged-off SYNCB Debt, again offering 45% off the balance and to resolve the account for $1,186.12 – the identical offer which "expired" one month prior. **SEE PLAINTIFF'S EXHIBIT B.**

21. Each letter stated an amount owed and conveyed an offer to resolve the Debt.

22. As such, each letter was in connection with the collection of the Debt.

23. While each letter was framed as a "limited-time" offer, the offers were clearly not available "only" for a limited time.

24. Rather, this 45% discount offer, and the other payment options included in each letter, would have been made available to Mr. McCarthy at any point after April 2021 and was never rescinded.

25. Indeed, on information and belief, at no point after April 2021 would Cavalry have not accepted the 45% discount to settle the debt, despite its collection letters each proclaiming the offer "expires."

26. Defendant's "expiration dates" are nothing more than a tool to convince the consumer that payment of the Debt is time sensitive and to induce payment.

27. A debt collector "cannot pretend" a settlement offer "is final if it is not, in the hope that the debtor will think it final." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010); see also *Peter v. GC Services L.P.*, 310 F.3d 344 (5th Cir. 2002)

(Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive).

28. The Defendant's letters were clearly designed to convey a false sense of urgency to Mr. McCarthy: pay quickly or risk losing out on the "limited-time" 45% discount.

29. The Defendant attempted to disadvantage Mr. McCarthy in charting a course of action to take regarding the allegation of debt by falsely conveying that there was a "deadline" to accept the 45% balance reduction offer.

30. The Defendant's statement "This offer expires…" is objectively false, since the Defendant would still have accepted the same amount to settle the Debt even after the date on each of the letters.

31. The Defendant's letter is also misleading for the same reasons, since an unsophisticated consumer would believe that should he not pay the amount by expire date, the Defendant would attempt to collect the full, undiscounted from her after this.

32. Indeed, Defendant's first letter caused Mr. McCarthy to believe that should he not pay, he would lose out on an opportunity to settle the account at a discounted rate.

33. Consumers, such as Mr. McCarthy, will often accept such discounted offers despite disputing the debt, for fear that should they fail to accept the discount, they will be sued or held liable for a greater amount down the road.

34. Defendant's aforementioned conduct has caused Mr. McCarthy to suffer emotional distress and has further damaged him in that he has spent time in procuring the undersigned legal counsel to assist with charting a course of response to Defendant.

35. Mr. McCarthy has hired the aforementioned law firm to represent him in this matter and has assigned it his right to fees and costs.

## COUNT I
## VIOLATIONS OF THE FDCPA

36. Mr. McCarthy adopts and incorporates paragraphs 1 – 35 as if fully stated herein.

37. Cavalry violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by offering Mr. McCarthy to settle the alleged Debt at 45% off in which the Debt had to be paid by a certain date to qualify for a discount settlement, when, in reality, the Defendant had no intention of rescinding their offer -- as evidenced by a second collection letter dated one month after the previous offer expired, each one of which offers the same 45% off, albeit with cascading "expiration" dates.

38. Cavalry violated **15 U.S.C. § 1692e(2)(a)** when they made a false representation about the character, amount and legal status of a debt by falsely implying that the Defendant's settlement offers had expiration dates, when other correspondences offered the same discount to settle.

39. Cavalry violated **15 U.S.C. § 1692e(5)** when they threatened to take action not intended to be taken; to wit, the "expiration" of the 45% off balance offer,

when no such legitimate expiration of the offer existed. Cavalry created an arbitrary deadline to create the appearance of an expiring offer, which the Defendant knew was not real.

40. Cavalry violated **15 U.S.C. § 1692f** when they used unfair means to collect a debt by offering Mr. McCarthy to settle the alleged Debt at 45% off in which the Debt had to be paid by a certain date to qualify for a discount settlement, when, in reality, the Defendant had no intention of rescinding their offer -- as evidenced by a second collection letter dated one month after the previous offer expired, each one of which offers the same 45% off, albeit with cascading "expiration" dates.

41. Cavalry's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. McCarthy respectfully requests that this Honorable Court enter judgment against Cavalry, for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. McCarthy demands a jury trial on all issues so triable.

Respectfully submitted this May 28, 2021 by:

**SERAPH LEGAL, P. A.**

*/s/ Bridget L. Dow*
Bridget L. Dow, Esq.
Florida Bar No.: 1022866
BDow@seraphlegal.com
*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**ATTACHED EXHIBITS LIST**
A	Cavalry Collection Letters, dated February 10, 2021
B	Cavalry Collection Letters, dated April 13, 2021